982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William H. GRAY, Jr., Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER, George Doughty, Turner West,
Edward Currier, Terry Henry, James C. Thomas, Steve Draper,
Robert Stenke, Orville Rogers, William Roberts, individually
and in their official capacities, Defendants-Appellees.
 No. 92-1090.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff William H. Gray, Jr., pro se, appeals the district court's dismissal of his complaint alleging defendants discriminated against him when they failed to promote him and terminated his employment based on his race. Plaintiff, an African American, sued defendants based on 42 U.S.C. § 1981, 42 U.S.C. §§ 2000e-2000e-17 (Title VII), and the Thirteenth and Fourteenth Amendments. The district court dismissed before trial all claims except the Title VII claims. At the close of plaintiff's evidence at the bench trial of the Title VII claims, the district court entered a judgment in defendants' favor. Our jurisdiction arises under 28 U.S.C. § 1291.
 
 
 3
 On appeal, plaintiff contends dismissal of his claims was error because (1) defendants failed to promote him, and subsequently discharged him, on the basis of his race, (2) he was disciplined more harshly than white employees for similar violations, (3) defendants retaliated against him because he filed complaints of discrimination and a worker's compensation claim, (4) his § 1981 claims were not barred by the statute of limitations, either because the district court applied the incorrect law, or because plaintiff was entitled to equitable tolling, and (5) he was entitled to a jury trial.
 
 
 4
 We review de novo the district court's dismissal of a claim, applying the same scrutiny to the complaint as the district court. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). "We will uphold a dismissal [under Fed.R.Civ.P. 12(b)(6) ] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991). We accept the facts alleged by plaintiff as true. Dababneh v. FDIC, 971 F.2d 428, 431 (10th Cir.1992).
 
 
 5
 Following our review of the record on appeal, and applying this standard, we conclude that the district court correctly dismissed plaintiff's claims brought under § 1981 and the Fourteenth Amendment because they were filed outside the applicable limitations period. The Thirteenth Amendment claim also was properly dismissed. Therefore, for substantially the reasons stated in the district court's opinion, Order and Memorandum of Decision, R.I. doc. 65, we affirm the dismissal of those claims.
 
 
 6
 We review de novo the district court's grant of defendants' motion to dismiss at the close of plaintiff's evidence. Campbell v. Bartlett, 975 F.2d 1569, 1582 (10th Cir.1992) (grant of a directed verdict is reviewed de novo on appeal). We review the evidence in the light most favorable to the party resisting the motion to determine whether "the evidence and the inferences to be drawn from it are so clear that reasonable minds could not differ on the conclusion." Id. A directed verdict will be affirmed only when the evidence so clearly supports the moving party that a jury verdict in favor of the party resisting the motion would be improper. Id.
 
 
 7
 Plaintiff asserted two theories of discrimination under Title VII: unlawful termination of employment, and unlawful failure to promote. To establish a prima facie case of discriminatory discharge, plaintiff must show: (1) he was a member of a minority, (2) he was qualified for his position, (3) he was discharged, and (4) similarly situated nonminorities were not disciplined the same or similarly. Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 985 (10th Cir.1991).
 
 
 8
 It is undisputed that plaintiff satisfies the first and third elements. Even if he met the second criterion, however, he did not satisfy the fourth. Plaintiff failed to establish that similarly situated employees were disciplined less harshly than he for the same or similar conduct. Therefore, a dismissal at the conclusion of plaintiff's case was appropriate.
 
 
 9
 At trial, plaintiff presented several witnesses, including former coworkers and supervisors. Plaintiff did not testify. The testimony showed that although plaintiff was disciplined more severely than some of the other employees, the circumstances leading to plaintiff's dismissal were more serious and of longer duration than those involving the other employees named by plaintiff.[1] Plaintiff's evidence demonstrated only that other employees were disciplined less harshly than he; plaintiff failed to show that those employees were in the same or similar situation as he. Accordingly, we affirm the district court's judgment in favor of defendants on the wrongful termination claim.
 
 
 10
 To establish a prima facie case of discriminatory failure to promote, plaintiff must furnish some evidence to establish "he was equally or better qualified than those employees actually promoted." Clark v. Atchison, Topeka & Santa Fe Ry., 731 F.2d 698, 701 (10th Cir.1984); accord Allen, 928 F.2d at 984. Here, plaintiff failed to make the required showing. Therefore, we also affirm the district court's judgment in favor of defendants on the failure to promote claim.
 
 
 11
 In light of our determination that the dismissal at the conclusion of plaintiff's case was proper, we need not address plaintiff's claim that he was entitled to a jury trial.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff's former supervisor testified he had recommended discharge of employees other than those whose circumstances were advanced by plaintiff to show discrimination